UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WOODROW FLEMMING,

                              Plaintiff,

                                                            9:09-CV-0005 (LEK/GHL)

             v.

BRIAN FISCHER, NYS Commissioner, *et al.*,

                              Defendants.

APPEARANCES:

WOODROW FLEMMING
Plaintiff, *pro se*

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

## DECISION and ORDER

By Decision and Order filed January 20, 2009 ("January Order"), the Court found that

Plaintiff Woodrow Flemming ("Plaintiff") was subject to the three strikes provision of 28 U.S.C.

§ 1915(g) and did not allege that he was exposed to imminent danger of serious physical injury at

the time that he filed his Complaint.  Dkt. No. 5.  Accordingly, the Court denied Plaintiff's *in*

*forma pauperis* application and directed him to pay the full filing fee of $350.00 within thirty

days if he wished to proceed with this action.  Id.  Following issuance of the January Order,

Plaintiff sought leave to pay that fee in seven monthly installments.  Dkt. No. 6.[1]  In a Decision

and Order filed on February 3, 2009 ("February Order"), this Court advised Plaintiff that

pursuant to 28 U.S.C. § 1915, the federal courts may authorize a person demonstrating sufficient

economic need to commence and prosecute an action without prepayment of the filing fee.  Dkt.

---

[1]  Plaintiff asked to pay $50.00 each month.  Dkt. No. 6.  Plaintiff did not submit any
payment in support of his request.

No. 7.  A prisoner proceeding *in forma pauperis* is required to pay the filing fee over time from

funds available in his or her inmate account.  28 U.S.C. § 1915(b).[2]  However, in the case of an

inmate barred by the "three strikes" rule of 28 U.S.C. § 1915(g) from proceeding *in forma*

*pauperis*, the filing fee must be paid **in full** in order for the action to proceed.  Dkt. No. 7 at 2.

Plaintiff's request to pay the filing fee in installments was denied.  Id.  Plaintiff appealed the

February Order to the Second Circuit Court of Appeals.  Dkt. No. 10.  The Second Circuit

dismissed the appeal because it lacked an arguable basis in law or fact.  Dkt. No. 16.

Presently before the Court is what appears to be Plaintiff's request for relief from

judgment.  Dkt. No. 18.  Plaintiff contends that this action was dismissed in error.  Dkt. No. 19.

Plaintiff says that he "never said that [he] would not pay" the filing fee.  Id. at 1.  Plaintiff states

that it was the Clerk of the Court that failed to comply with the prior Orders of this Court by not

sending Plaintiff's inmate authorization form to Plaintiff's facility so that payments could be

made from Plaintiff's inmate account.  Id.  Plaintiff misunderstands the ramifications of being

denied *in forma pauperis* status as a result of having three strikes.  As previously set forth in the

February Order, once an *in forma pauperis* application is denied, a plaintiff is required to pay the

entire $350.00 filing fee at once.  In that case, the inmate authorization form, which permits

installment payments, **is not sent to the facility**.  Plaintiff's argument is therefore without merit.

In any event, Plaintiff is advised that Judgment has not yet been entered in this action because

Plaintiff was granted an extension until July 24, 2009 to pay the entire filing fee of $350.00.  Dkt.

No. 17.  Accordingly, Plaintiff's request for relief from judgment is **denied**.

---

[2]  This is, in fact, an installment payment method although the amount of the payments
may fluctuate depending upon the balance in the inmate's prison account.  See 28 U.S.C. §
1915(b).

Since Plaintiff indicates that he wishes to pay the filing fee for this action, the Court will grant Plaintiff one **final** extension **until August 7, 2009** to pay the $350.00 fee.  Plaintiff must send the entire payment to the Court by that date or this action will be dismissed **without prejudice without further order of the Court.**  Plaintiff must arrange for remittance of this fee through his facility on his own; the Clerk will **not** forward Plaintiff's inmate authorization form to the facility.

WHEREFORE, in light of the foregoing, it is hereby

**ORDERED**, that Plaintiff's motion to vacate judgment (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED**, that Plaintiff comply with the terms of this Court's January Order (Dkt. No. 5) requiring payment of the entire filing fee; and it is further

**ORDERED**, that the deadline for payment of the filing fee is **August 7, 2009**; and it is further

**ORDERED**, that if Plaintiff fails to pay the entire filing fee of $350.00 by August 7, 2009, the Clerk shall enter judgment dismissing this action **without prejudice** without further Order of this Court; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:    July 10, 2009
          Albany, New York

Lawrence E. Kahn
U.S. District Judge